WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Clinton Lee Spencer, | No.  CV 14-0032-PHX-SMM (DKD) |
| Plaintiff, | |
| vs. | **O R D E R** |
| K. Clark, et al., | |
| Defendants. | |

Plaintiff Clinton Lee Spencer, who is confined in the Arizona State Prison Complex, Rincon Unit, in Tucson, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis.*  (Doc. 1, 2.)  Plaintiff has also filed a motion to order the Clerk to send a service packet, three motions for injunctive relief, a motion for copies of documents submitted with his motion for injunctive relief, two motions to appoint counsel, a motion for forms and summonses, a motion for ruling, and a motion to amend or correct Complaint.  (Doc. 5-8, 10, 14-18.) The Court will grant Plaintiff's motion to amend or correct the Complaint to the extent that Defendants Clark and Hetrick will be dismissed and the motion will otherwise be denied.[1]  The Court will dismiss the Complaint with leave to amend and deny Plaintiff's other motions.

---

[1]  Plaintiff in part appears to seek to add new allegations and defendants, but Plaintiff did not submit a proposed first amended complaint with his motion.  As discussed herein, Plaintiff's Complaint is being dismissed for failure to state a claim. Plaintiff should include new allegations and defendants in any first amended complaint.

JDDL-K

1    **I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

2            Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

3    § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

4    The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be

5    collected monthly in payments of 20% of the previous month's income credited to

6    Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C.

7    § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government

8    agency to collect and forward the fees according to the statutory formula.

9    **II.     Statutory Screening of Prisoner Complaints**

10           The Court is required to screen complaints brought by prisoners seeking relief

11   against a governmental entity or an officer or an employee of a governmental entity.  28

12   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

13   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

14   which relief may be granted, or that seek monetary relief from a defendant who is

15   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

16           A pleading must contain a "short and plain statement of the claim *showing* that the

17   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

18   does not demand detailed factual allegations, "it demands more than an unadorned, the-

19   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

20   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

21   conclusory statements, do not suffice."  *Id.*

22           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

23   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

24   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

25   content that allows the court to draw the reasonable inference that the defendant is liable

26   for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

27   claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

28   on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).   A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.   Complaint**

Plaintiff alleges three counts for denial of constitutionally adequate medical care, specifically care concerning his kidney and/or heart disease and provision of a diabetic diet.[2]   Plaintiff sues the following current or former employees of the Arizona Department of Corrections (ADC):   Kitchen Supervisor Jennifer Hetrick; Dr. Michael Thompson; Healthcare Provider Ryan Brower; and Nurse K. Clark.   Plaintiff seeks compensatory and punitive relief.   As discussed above, Plaintiff subsequently filed a motion to amend or correct his Complaint to remove Hetrick and Clark as Defendants. Accordingly, they will be dismissed.

Plaintiff alleges the following facts in Count I of his Complaint:   Plaintiff has suffered from non-insulin dependent diabetes since before his incarceration in 1991.   On September 14, 2013, Nurse Clark failed to provide an insulin injection to Plaintiff and failed to check his blood sugar levels several times.   Plaintiff indicates that Clark knew

---

[2]   Plaintiff has previously filed cases concerning treatment of these conditions. *See Spencer v. Ryan*, No. CV12-0874-PHX-SMM (D. Ariz. June 15, 2012); *Spencer v. Sharp*, No. CV08-0401-PHX-SMM (D. Ariz. June 8, 2008).

1    that his records reflected that he was supposed to receive insulin injections.  He asserts
2    that Clark and other medical staff often misrepresented or exaggerated his medical
3    condition based on kitchen staff "discarding to delivery meals with insulin."  (Doc. 1 at
4    3.)  According to Plaintiff, ADC doctors knew of the "violations" but failed to prevent
5    them and that this continued until November 2013.  (*Id.*)  He contends that the
6    "municipal defendants" maintain a policy or custom resulting in an injury to him.[3]  He
7    contends that as a direct result of his uncontrolled diabetes, he has developed diabetic
8    neuropathy, proliferative retinopathy of the left eye, kidney disease, severe
9    hypoglycemia, seizures, and psychological harm and claims that he fears for his life
10   following the lack of treatment "since the offense."[4]  Plaintiff contends that he did not
11   receive medical care consistent with the American Diabetes Association (ADA)
12   guidelines between September and November 2013.   He additionally alleges that
13   unidentified nurses failed to timely deliver morning meals because kitchen staff refused
14   to the deliver meals.  He contends that his glucose levels could have been controlled and
15   his blood pressure decreased if he had been provided a midafternoon and bedtime snack
16   and with "serial monitoring."  (*Id.* at 8.)

17        In Count II, Plaintiff alleges the following:  from August to December, 2013,
18   Hetrick failed to cooperate with a restricted diet order issued by Dr. Brower on
19   November 19, 2013 in an attempt to control Plaintiff's diabetes and prevent
20   complications.  Hetrick denied, delayed, or interfered with orders to provide renal diet
21   meals to Plaintiff and acted negligently in failing to provide the diet and morning, mid-
22   day, bedtime, and other snacks.  Hetrick failed to cooperate with medical staff and her
23   behavior was allegedly detrimental to Plaintiff's medical condition. ADC, the Risk
24   Management Division of the Department of Administration, and Corizon were aware of
25
26

27        [3] Plaintiff has not named any municipal Defendants, such as a city or county.

28        [4] Plaintiff apparently refers to his conviction for the 1989 kidnapping and murder
     or a young woman.  *State v. Spencer*, 859 P.2d 146 (1993).

JDDL-K

the risk and disregard to Plaintiff's medical condition, but failed to act.[5]  Plaintiff was forced to take insulin without food and Plaintiff refused to sign a disciplinary report concerning that incident.  He asserts that two different healthcare providers have prescribed a renal diet.  He contends that Defendants refused to provide the diet and that he has suffered as a result and contends that he has been denied an "MNT" by a registered dietician to achieve treatment goals.  (*Id.*)  He claims that he is denied a daily heart-healthy diet or consistent carbohydrates and a way to identify the carbohydrate content of each food.

In Count III, Plaintiff alleges the following facts:  on December 18, 2013, a healthcare provider noted in Plaintiff's medical records that, after an examination by a kidney specialist, Naproxen had increased his kidney function 25% "because Physicians Michael Thompson prescribed [illegible] inconsistent medications." (Doc. 1 at 5.)  The kidney specialist told Plaintiff that he was in stage 4 kidney disease.  Plaintiff contends that Drs. Thompson and Brower failed to provide medical care, which caused Plaintiff's kidney disease to progress to kidney failure, by prescribing medically inappropriate medications.  Plaintiff contends that his medical condition was worsened because he did not see doctors for his kidney disease until "2008/2010" and he was denied a kidney biopsy because it would reveal a "correct diagnosis" and reflect "inconsistent harming medications prescribed" by Thompson.  On December 18, 2013, a kidney specialist apparently recommended starting dialysis to treat his kidney failure.  Plaintiff generally contends that his current status could have been avoided by Corizon and Drs. Thompson and Brower by controlling his glucose levels and blood pressure.  He also asserts that he has not received timely treatment since 2010 and that he has not been prescribed appropriate medications for his kidney and heart conditions.  He contends that he has been denied an appropriate diet, insulin, and medications on a regular basis.  Plaintiff contends that Dr. Thompson never made a good faith effort to investigate Plaintiff's

---

[5] ADC contracted with Corizon to provide medical care to ADC inmates effective March 4, 2013.

1    kidney condition and "fix it." (*Id.*)  Drs. Thompson and Brower advised him about two

2    complications, his diabetes and hernias, but "officials" refused to respond to a

3    "substantial risk of serious harm to Plaintiff abdominal hernias caused by a congenital

4    weakness in the abdominal wall by the navel on the ground that surgery would be too

5    expensive to fix it." (*Id.*)  According to Plaintiff, Dr. Thompson had alternatives for

6    treatment, but chose "wrongful medications" that significantly injured Plaintiff's kidneys,

7    which Plaintiff contends was medically unacceptable. (*Id.* at 10.)  Plaintiff appears to

8    contend that glucose tablets were not made available to him and that blood glucose

9    meters were inaccurate.

10       Plaintiff further alleges that at his December 18, 2013 appointment, a kidney

11   specialist noted that someone had indicated that Plaintiff had Hepatitis B, although

12   Plaintiff has never been diagnosed with that illness.  According to Plaintiff, the specialist

13   speculated that prison staff made frivolous statements to justify the allegedly medically

14   inappropriate court of treatment.

15       Plaintiff has attached two exhibits to his Complaint, which he numbers Exhibits 10

16   to 13.  Exhibit 10 is a copy of a 2011 medical record indicating that Plaintiff's vision is

17   very poor.  Exhibit 11 is a notice of claim submitted to the Department of Administration

18   and later forwarded to Corizon.   In his lengthy notice of claim, Plaintiff provides a

19   marginally clearer description of how he believes that he has been provided inadequate

20   medical care.  Plaintiff indicates that did not receive meals and insulin shots at consistent

21   times from day to day and that he was not provided meals and insulin at approximately

22   the same time to control his glucose levels.  He further indicates that although snacks and

23   glucose tablets were recommended for him to take at times when meals and insulin

24   injections could not be provided.  He also indicated that a few days after he began

25   suffering abdominal pain from his hernia, he stopped receiving a renal diet.  Plaintiff

26   acknowledges that he was confused by the explanations provided to him and what he

27   viewed as conflicting information.

28       Exhibit 13 includes a copy of a November 13, 2013 Restricted Diet Order issued

by Dr. Brower for a "Renal/Dialysis Diet," with an expiration date of May 31, 2014, for morning, noon, and bedtime snack of milk and a copy of a letter to Plaintiff from the Department of Administration forwarding his notice of claim to Corizon.  Along with the notice of claim is a copy of Plaintiff's September 4, 2013 Inmate Letter concerning his umbilical hernia and a September 6 response; his September 10, 2013 grievance for denial of a surgical consult concerning his hernia; the October 16, 2013 response stating that he is to be scheduled to be evaluated within 10 days; Plaintiff's October 26, 2013 grievance appeal and the director's level response to that appeal.[6]  In the appeal, Plaintiff sought consultation with a specialist concerning his hernia.  In the December 20, 2013 denial of Plaintiff's grievance appeal, a Facility Health Administrator (FHA) responding for Director Charles Ryan, noted that on December 5, 2013, a practitioner corroborated Dr. Thompson's conclusion that Plaintiff's hernia was "easily reducible" and that a Special Needs Order (SNO) for a hernia belt had been written, with Plaintiff to be seen about a month later to assess whether the hernia was worsening.  The FHA stated that hernia repair was considered an elective surgery *unless* (1) the hernia was *not* reducible or it extended into the scrotal sac *and* (2) it interfered with activities of daily living.  The FHA noted that Plaintiff's most recent evaluation did not reflect that either surgical criterion was met.  For that reason, Plaintiff's request for a consult with a specialist regarding hernia surgery was denied.

## IV.     Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that

---

[6]  Apparently, Plaintiff did not see a healthcare provider until early December despite this response.

defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Further, to state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, [to] show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under §1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

All of Plaintiff's claims concern the alleged denial of constitutionally adequate medical care. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a

purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).   "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

Plaintiff sufficiently alleges that his diabetes constitutes a serious medical need. While in some circumstances, an umbilical hernia *may* rise to the level of a serious medical need, Plaintiff does not allege facts to support that his umbilical hernia rises to that level.  Plaintiff has not alleged any symptoms, including their duration and severity, stemming from his umbilical hernia.

Even if Plaintiff sufficiently alleged facts to support that both his diabetes and hernia constituted serious medical needs, Plaintiff fails to allege facts to support that any Defendant acted with deliberate indifference to those needs.  Instead, Plaintiff generally asserts that he has been denied medically appropriate care, has not received insulin injections when appropriate, has not timely received an appropriate diet and/or snacks, and has been denied consultation about surgery for his umbilical hernia.  Plaintiff's

allegations are frequently contradictory and ambiguous.  He appears to have a poor understanding of his medical conditions and of information provided concerning his conditions.  Plaintiff repeatedly asserts that he has been denied treatment, but other allegations, and exhibits to his Complaint, reflect that he is and has been receiving treatment and care for his conditions, albeit not without some delay.  Plaintiff's vague, ambiguous, and conclusory allegations are not sufficient to support that any Defendant has acted with deliberate indifference to his medical conditions.  Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded.  *Id*.  Accordingly, the Court will dismiss the Complaint for failure to state a claim.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

1  in the original complaint and that was voluntarily dismissed or was dismissed without
2  prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa*
3  *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

4  **VI.  Plaintiff's Motions**

5          As noted above, Plaintiff has filed several motions.  Plaintiff's motions to order
6  the Clerk to send him service packets and serve Defendants will be denied.  (Doc. 5.)
7  Plaintiff's motions will be denied as premature prior to the filing of an amended
8  complaint using the court-approved form and determination by the Court that Plaintiff
9  has stated a claim for relief against one or more Defendants in an amended complaint.
10 When and if that occurs, the Court will direct service.  Plaintiff need not and should not
11 file a motion requesting service prior to that time.

12         Plaintiff has filed a motion in which he appears to seek a conformed copy of his
13 motion for injunctive relief.  (Doc. 7.)  Plaintiff does not claim that he did not receive a
14 file stamped copy of the motion.  Therefore, the Court will deny this motion.  Plaintiff
15 has also filed a motion seeking a copy of his Complaint and summonses.  This motion
16 will also be denied as moot.  (Doc. 15.)

17              **Motions for Injunctive Relief**

18         Plaintiff has filed three motions for injunctive relief.  (Doc. 6, 8, 17.)  To obtain
19 injunctive relief, the moving party must show "that he is likely to succeed on the merits,
20 that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
21 balance of equities tips in his favor, and that an injunction is in the public interest."
22 *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008); *Am. Trucking Assoc.,*
23 *Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  In addition, the "serious
24 questions" version of the sliding scale test for preliminary injunctions remains viable
25 after the Supreme Court's decision in *Winter.  Alliance for the Wild Rockies v. Cottrell*,
26 632 F. 3d 1127, 1134-35 (9th Cir. 2011).  Under that test, a preliminary injunction is
27 appropriate when a plaintiff demonstrates that "serious questions going to the merits were
28 raised and the balance of hardships tips sharply in [plaintiff's] favor." *Id.* (citing *Lands*

1   *Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)).  That approach requires

2   that the elements of the preliminary injunction test be balanced, so that a stronger

3   showing of one element may offset a weaker showing of another.  "For example, a

4   stronger showing of irreparable harm to plaintiff might offset a lesser showing of

5   likelihood of success on the merits."  *Alliance for the Wild Rockies*, 632 F.3d at 1135.  A

6   plaintiff must also satisfy the other *Winter* factors, including the likelihood of irreparable

7   harm.  *Id.*   The moving party has the burden of proof on each element of the test.

8   *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal.

9   2000).

10          In addition, a temporary restraining order without notice may be granted *only* if

11  "specific facts in an affidavit or verified complaint clearly show that immediate and

12  irreparable injury, loss, or damage will result to the movant before the adverse party can

13  be heard" and the movant certifies to the court in writing any efforts made to give notice

14  and the reasons that notice should not be required.  Fed.R.Civ.P. 65(b).  Further, "[t]he

15  court may only issue a preliminary injunction on notice to the adverse party."  Fed.R.Civ.

16  P. 65(a)(1).

17          Plaintiff has not certified in any of his motions that he has given notice to any

18  Defendant or provided reasons why such notice should not be required.  In addition, no

19  Defendant has been served with the Complaint or appeared in this action.  Moreover, as

20  addressed above, Plaintiff fails to state a claim in his Complaint and he has not otherwise

21  alleged or shown specific facts to demonstrate an immediate and irreparable injury, loss,

22  or damage will result before an adverse party can be heard.  Accordingly, Plaintiff's

23  motions for injunctive relief will be denied.

24          **Motions to Appoint Counsel**

25          Plaintiff has also filed two motions for appointment of counsel based on his

26  indigence, confinement, complexity of the issues, and to assist in investigation and

27  presentation of evidence.  As Plaintiff has previously been informed many times in other

28  cases filed by him, there is no constitutional right to the appointment of counsel in a civil

case.  *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  *Id.*  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not alleged or shown that exceptional circumstances are present, which warrant the appointment of counsel in this case.  Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court will deny without prejudice Plaintiff's motions for appointment of counsel.  (Doc. 10, 14.)

**VII.   Warnings**

      **A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

      **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

      **C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See*

JDDL-K

LRCiv 5.4.   Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    Plaintiff's motion to amend or correct the Complaint is **granted** to the extent that he seeks to dismiss Defendants Hetrick and Clark from the Complaint and is otherwise **denied**.  (Doc. 18.)

(4)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

JDDL-K

- 14 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(5)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(7)     Plaintiff's motions for appointment of counsel, injunctive relief, to order the Clerk to issue summonses, and motion for ruling are **denied**.  (Doc. 5-8, 10, 14-17.)

DATED this 9th day of September, 2014.

Stephen M. McNamee
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td><b>OR</b></td><td>Tucson Division:</td></tr>
<tr><td>U.S. District Court Clerk</td><td></td><td>U.S. District Court Clerk</td></tr>
<tr><td>U.S. Courthouse, Suite 130</td><td></td><td>U.S. Courthouse, Suite 1500</td></tr>
<tr><td>401 West Washington Street, SPC 10</td><td></td><td>405 West Congress Street</td></tr>
<tr><td>Phoenix, Arizona  85003-2119</td><td></td><td>Tucson, Arizona  85701-5010</td></tr>
</table>

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
>
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____  ,  )
(Full Name of Plaintiff)      )
                   Plaintiff,     )
                          )
                  vs.      )  **CASE NO.** _____
                          )        (To be supplied by the Clerk)
(1)_____  ,  )
(Full Name of Defendant)      )
(2)_____  ,  )
                          )  **CIVIL RIGHTS COMPLAINT**
(3)_____  ,  )  **BY A PRISONER**
                          )
(4)_____  ,  )  ☐ Original Complaint
                   Defendant(s).    )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

### A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
　　　☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
　　　☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
　　　☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07               1               **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title) (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title) (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title) (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title) (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                     ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count I?                          ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?               ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                     ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?        ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes   ☐ No
     b.   Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
     c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                        DATE                               SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.