WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Clinton Lee Spencer,                                    No.   CV 14-0032-PHX-SMM (ESW)

　　　　　　　　Plaintiff,

　　v.                                                  **O R D E R**

K. Clark, et al.,

　　　　　　　　Defendants.

On January 7, 2014, Plaintiff Clinton Lee Spencer, who is confined in the Arizona State Prison Complex-Rincon, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1336(b), and an Application to Proceed *In Forma Pauperis*.  In a September 10, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On September 24, 2014, Plaintiff filed his First Amended Complaint (Doc. 23). On November 24, 2014, Plaintiff filed a Motion for Declaratory and Injunctive Relief (Doc. 25).  The Court will deny the motion and dismiss the First Amended Complaint and this action.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28

1   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

2   has raised claims that are legally frivolous or malicious, that fail to state a claim upon

3   which relief may be granted, or that seek monetary relief from a defendant who is

4   immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

5          A pleading must contain a "short and plain statement of the claim *showing* that the

6   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

7   does not demand detailed factual allegations, "it demands more than an unadorned, the-

8   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

9   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

10  conclusory statements, do not suffice."  *Id.*

11         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

12  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

13  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

14  content that allows the court to draw the reasonable inference that the defendant is liable

15  for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

16  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

17  on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

18  specific factual allegations may be consistent with a constitutional claim, a court must

19  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

20  at 681.

21         But as the United States Court of Appeals for the Ninth Circuit has instructed,

22  courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

23  342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

24  stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

25  *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

26  . . . .

27  . . . .

28  . . . .

- 2 -

1  **II.     First Amended Complaint**

2      In his three-count First Amended Complaint, Plaintiff sues Arizona Department of

3  Corrections ("ADOC") physician Dr. Michael Thomas, ADOC healthcare provider Ryan

4  Brower, ADOC Director Charles L. Ryan, and Director of Health Services Richard Pratt.

5      In Count One, Plaintiff claims that on July 24, 2008, he was diagnosed with

6  kidney disease by Dr. Alan Cohn at St. Mary's Hospital.  Dr. Cohn prescribed Plaintiff

7  Spironolactone.  On October 14, 2011, Plaintiff was sent to the ADOC "Florence Central

8  Unit Complex."   Plaintiff's physician at this facility was Defendant Thompson, who

9  decided not to administer Spironolactone to Plaintiff.  Plaintiff submitted several Health

10  Needs Requests (HNRs) requesting a prescription for Spironolactone.   In December

11  2011, Thompson had a nurse inform Plaintiff that his prescription for Spironolactone had

12  been discontinued on October 14, 2011, and that he would no longer be receiving the

13  drug.   Between October 2011 and December 2012, Plaintiff submitted several Health

14  Needs Requests (HNR's) seeking to have his prescription continued.    Plaintiff's

15  prescription was not renewed, and Defendants Thomas and Brower did not refer Plaintiff

16  to a specialist.  "[T]here was no recommended or follow-up appointment for the first six

17  months on plaintiff[']s kidney or heart, and no follow-up the next six months to obtain a

18  kidney[] evaluation."  Defendants Thomas and Brower "were responsible for procuring

19  contracts with outside specialists or for making appointments for inmates to see outside

20  specialists."  Thompson and Brower were "involved medically or administratively in all

21  aspect[s] of [Plaintiff's] heart [and] kidney [treatment,] including chronic diabetes

22  treatment."

23      On December 18, 2013, a nephrologist determined that Plaintiff was in stage-four

24  kidney failure.   The nephrologist informed Plaintiff that "the drug[] Naproxen had

25  increased his kidney function" because Defendant Thompson had prescribed

26  "inconsistent medications which caused Plaintiff's kidney disease to progress to kidney

27  failure[.]"   On April 8, 2014, Plaintiff had fistula placed "in his left arm to begin

28  dialysis."  This led to an infection, and Plaintiff was prescribed antibiotics to treat the

1   infection.  In August 2014, a nephrologist informed Plaintiff that "allergic reactions to

2   certain drugs can cause an acute kidney disease with most of the damage affecting the

3   kidney tubules."  The nephrologist told Plaintiff that without a kidney transplant, Plaintiff

4   could die "within six (6) months to a year."

5   In Count Two, Plaintiff alleges "that AD[O]C's policies and practices governing

6   medical care [and] dental care" expose inmates "to a substantial risk of serious harm[.]"

7   Plaintiff also makes several allegations concerning conditions of confinement, including:

8   inadequate nutrition, lack of outdoor exercise, and being confined to a cell.  Plaintiff

9   alleges that he "is not provide[d] critical medication, or nutrition . . . due to inadequate

10  staffing."

11  In Count Three, Plaintiff makes general allegations that ADOC is providing

12  constitutionally deficient medical care, including: "lengthy and dangerous delays" in

13  providing medical care; failure to provide emergency treatment; failure to provide

14  medication and medical devices; "employing insufficient health care staff"; failure to

15  provide care for chronic and infectious diseases; failure to provide access to "specialty

16  care"; and provision of "substandard dental care."  Plaintiff also claims that "medications

17  that are to be taken daily . . . go undelivered" and that "plaintiffs are given expired

18  medication or incorrect dosages of medication."

19  Plaintiff has attached an exhibit to his First Amended Complaint which includes

20  several grievance forms filed by Plaintiff, a grievance response dated June 24, 2012, and

21  a grievance appeal response dated September 3, 2014 and signed by Defendant Ryan.

22  The appeal response states in part:

23
24
> I have reviewed your Grievance Appeal wherein you allege
> "deliberate   indifference"   because   your   prescription
> (Spironolactone) was discontinued to harm your health.

25
26
27
> Your Grievance Appeal has been investigated including a
> review of your medical and pharmacy records.  Based on our
> findings, your appeal is denied.  The reasons for this decision
> are:

28

1
2
3
4
5

> (1)    Your pharmacy records confirm that the doctor's order for your monthly supply of Spironolactone (Aldactone) was filled on the following dates: 2/6/14, 3/5/14, 4/1/14, 4/25/14, 5/23/14, 6/25/14, 7/21/14, & 8/14/14.  Based on this finding, you have been receiving your Spironolactone as prescribed. We found no evidence to support your allegations; therefore, your Appeal is denied.

6

7    Plaintiff seeks injunctive relief, compensatory damages, punitive damages, and costs.

8    **III.    Failure to State a Claim**

9    To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants
10   (2) under color of state law (3) deprived him of federal rights, privileges or immunities
11   and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th
12   Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d
13   1278, 1284 (9th Cir. 1994)).

14   **A.    Ryan and Pratt**

15   To state a valid claim under § 1983, plaintiffs must allege that they suffered a
16   specific injury as a result of specific conduct of a defendant and show an affirmative link
17   between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362,
18   371-72, 377 (1976).   There is no *respondeat superior* liability under § 1983, and
19   therefore, a defendant's position as the supervisor of persons who allegedly violated
20   Plaintiff's constitutional rights does not impose liability. *Monell v. New York City Dep't*
21   *of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067
22   (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious
23   liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each
24   Government-official defendant, through the official's own individual actions, has
25   violated the Constitution." *Iqbal*, 556 U.S. at 676.

26   Plaintiff has not alleged any facts against Defendants Ryan and Pratt in his First
27   Amended Complaint.  Plaintiff's conclusory statements that Ryan "is legally responsible
28   for the overall operation of [ADOC]" and that Pratt "is legally responsible for the

1   operation of all the AD[O]C facilities [and] the welfare of all the inmates in these

2   prisons" are not sufficient to state claims against Ryan and Pratt.  Plaintiff has not alleged

3   that Defendants Ryan and Pratt personally participated in a deprivation of Plaintiff's

4   constitutional rights, were aware of a deprivation and failed to act, or formed policies that

5   resulted in Plaintiff's injuries.  Thus, the Court will dismiss Defendants Ryan and Pratt.

6   **B.      Medical claims (Counts One, Two, and Three)**

7   In Counts One, Two, and Three, Plaintiff alleges that he received constitutionally

8   deficient medical care.  Not every claim by a prisoner relating to inadequate medical

9   treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983

10   medical claim, a plaintiff must show that the defendants acted with "deliberate

11   indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

12   2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   A plaintiff must show (1) a

13   "serious medical need" by demonstrating that failure to treat the condition could result in

14   further significant injury or the unnecessary and wanton infliction of pain and (2) the

15   defendant's response was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations

16   omitted).

17   "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d

18   1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must

19   both know of and disregard an excessive risk to inmate health; "the official must both be

20   aware of facts from which the inference could be drawn that a substantial risk of serious

21   harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825,

22   837 (1994).   Deliberate indifference in the medical context may be shown by a

23   purposeful act or failure to respond to a prisoner's pain or possible medical need and

24   harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may

25   also be shown when a prison official intentionally denies, delays, or interferes with

26   medical treatment or by the way prison doctors respond to the prisoner's medical needs.

27   *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

28   . . . .

1         Deliberate indifference is a higher standard than negligence or lack of ordinary

2  due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor

3  gross negligence will constitute deliberate indifference." *Clement v. California Dep't of*

4  *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,

5  622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or

6  "medical malpractice" do not support a claim under § 1983). "A difference of opinion

7  does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

8  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care,

9  without more, is insufficient to state a claim against prison officials for deliberate

10  indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407

11  (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of

12  "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

13         Plaintiff fails to allege sufficient facts to support that any Defendant acted with

14  deliberate indifference to those needs. Instead, Plaintiff generally asserts that he has been

15  denied medically appropriate care, that he has not been referred to a specialist, and that

16  his prescription for Spironolactone has been discontinued. Plaintiff's allegations are

17  contradictory and ambiguous. Plaintiff asserts that he has been denied treatment, but his

18  other allegations, as well as the exhibits attached to his First Amended Complaint, reflect

19  that he is and has been receiving treatment and care for his conditions. Plaintiff's

20  allegations suggest that he received dialysis treatment and was taken to see a

21  nephrologist. The September 3, 2014 appeal response attached to the First Amended

22  Complaint suggests that Plaintiff's Spironolactone prescription was not discontinued.

23  Moreover, in Counts Two and Three, Plaintiff fails to name a specific Defendant, and

24  instead makes general allegations concerning medical care at the prison. To state a valid

25  claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of

26  specific conduct of a defendant and show an affirmative link between the injury and the

27  conduct of that defendant. *See Rizzo*, 423 U.S. at 377. Plaintiff's vague, ambiguous, and

28  conclusory allegations are not sufficient to support that any Defendant has acted with

1    deliberate indifference to his medical conditions.  Accordingly, the Court will dismiss

2    Plaintiff's medical claims in Counts One, Two, and Three.

3            **C.      Conditions of Confinement (Count Two)**

4            It appears that Plaintiff attempts to allege a claim for unconstitutional conditions

5    of confinement in Count Two.  To state a claim for unconstitutional conditions of

6    confinement, a plaintiff must allege that a defendant's acts or omissions have deprived

7    the inmate of "the minimal civilized measure of life's necessities" or basic safety, and

8    that the defendant acted with deliberate indifference to an excessive risk of inmate health

9    or safety.  *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer*, 511 U.S.

10   at 834); *see Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002).

11   Whether conditions of confinement rise to the level of a constitutional violation may

12   depend, in part, on the duration of an inmate's exposure to those conditions.  *Keenan v.*

13   *Hall*, 83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing *Hutto v. Finney*, 437 U.S. 678,

14   686-87 (1978)).   "The circumstances, nature, and duration of a deprivation of []

15   necessities must be considered in determining whether a constitutional violation has

16   occurred."  *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Johnson v.*

17   *Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

18           With respect to meals, "[t]he Eighth [and Fourteenth] Amendment[s] require[]

19   only that prisoners receive food that is adequate to maintain health; it need not be tasty or

20   aesthetically pleasing."  *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation

21   omitted); *see Frost*, 152 F.3d at 1128 (applying Eighth Amendment standard to a pretrial

22   detainee's Fourteenth Amendment claims regarding his conditions of confinement).

23   "The fact that the food occasionally contains foreign objects or sometimes is served cold,

24   while unpleasant, does not amount to a constitutional deprivation."  *LeMaire*, 12 F.3d at

25   1456 (citations omitted).  An inmate may, however, state a claim where he alleges that he

26   is served meals with insufficient calories for long periods of time.  *Id.*

27           Plaintiff's allegations regarding his conditions of confinement are vague and

28   conclusory.  Plaintiff has failed to alleged sufficient detailed facts regarding the nature,

- 8 -

1    duration, or severity of the alleged unconstitutional conditions.   Although *pro se*

2    pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972),

3    conclusory and vague allegations will not support a cause of action.   *Ivey v. Bd. of*

4    *Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).   Further, a liberal

5    interpretation of a civil rights complaint may not supply essential elements of the claim

6    that were not initially pleaded.   *Id.*   Accordingly, to the extent Plaintiff intended to bring

7    a claim for unconstitutional conditions of confinement in Count Two of the First

8    Amended Complaint, such claim will be dismissed.

9         Because Plaintiff has failed to state a claim in Counts One, Two, and Three, the

10   Court will dismiss the First Amended Complaint.

11   **IV.    Failure to State a Claim Under the FTCA**

12        Plaintiff apparently seeks relief in part under the FTCA.   The FTCA waives the

13   United States' sovereign immunity from suit for:

14        Injury or loss of property, or personal injury or death caused by the
15        negligent or wrongful act or omission of any employee of the Government
16        while acting within the scope of his office or employment, under the
         circumstances where the United States, if a private person, would be liable
17        to the claimant in accordance with the law of the place where the act or
         omission occurred.
18
     28 U.S.C. § 1346(b)(1).   Thus, relief under the FTCA may be sought for negligent acts or
19
     omissions of employees or agents of the federal government.   *See Vander v. United States*
20
     *Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001); *Westbay Steel, Inc. v. United States*,
21
     970 F.2d 648, 651 (9th Cir. 1992).   However, claims under the FTCA may only be
22
     brought against the United States.   28 U.S.C. §§ 1346(b), 2679(a); *Allen v. Veterans*
23
     *Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (individual agencies of the United States
24
     may not be sued).   Further, under the statutory procedure set forth in 28 U.S.C. § 2675(a),
25
     a "tort claimant may not commence proceedings in court against the United States
26
     without first filing his claim with an appropriate federal agency and *either* receiving a
27
     conclusive denial of the claim from the agency *or* waiting for six months to elapse
28
     without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d

1    517, 519 (9th Cir. 1992) (emphasis added); *see Brady v. United States*, 211 F.3d 499, 502

2    (9th Cir. 2000) (a claimant under the FTCA must comply with § 2675(a) before a district

3    court can exert subject matter jurisdiction over the claim); *Caton v. United States*, 495

4    F.2d 635, 638 (9th Cir. 1974).  The Ninth Circuit Court of Appeals has "repeatedly held

5    that this 'claim requirement of section 2675 is jurisdictional in nature and may not be

6    waived.'"  *Jerves*, 966 F.2d at 519 (quoting *Burns v. United States*, 764 F.2d 722, 724

7    (9th Cir. 1985)).

8    To the extent that Plaintiff seeks relief under the FTCA, he fails to name a proper

9    defendant, i.e., the United States of America.  Further, he must have first filed a claim

10   with the appropriate federal agency and *either* received a conclusive denial of the claim

11   from the agency *or* waited for six months to elapse without a final disposition of the

12   claim being made.  Plaintiff has not alleged that he has met this notice requirement.

13   Plaintiff also fails to allege facts to support that any federal employee acting within the

14   scope of his office or employment acted negligently such that, if a private person, the

15   federal employee would be liable to Plaintiff in accordance with Arizona law.  Moreover,

16   Plaintiff is incarcerated with the Arizona Department of Corrections, not an institution of

17   the federal government.  For these reasons, Plaintiff fails to state a claim under the

18   FTCA, and that claim will be denied.

19   **V.     Motion for Declaratory and Injunctive Relief**

20   In his motion, Plaintiff moves the Court to order Defendants to treat his condition

21   and to stop prescribing certain medications.  Motions for injunctive relief are not

22   independent actions but, rather, a means to seek extraordinary relief in an ongoing action

23   that has been initiated by filing a complaint or other proper petition that alleges

24   jurisdictional facts.  Rule 65 of the Federal Rules of Civil Procedure, which provides for

25   the granting of preliminary injunctions and temporary restraining orders, "was designed

26   solely as a procedural tool to expedite the action and accommodate the court and the

27   litigants" and "does not confer either subject matter or personal jurisdiction on the court."

28   *Citizens Concerned for the Separation of Church and State v. City and County of Denver*,

1   628 F.2d 1289, 1299 (10th Cir. 1980).  Before seeking injunctive relief, Plaintiff must

2   first have a Complaint pending before the Court.  *See Stewart v. United States*

3   *Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an

4   action has been commenced can preliminary injunctive relief be obtained."); *see also*

5   *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*) (a party seeking

6   injunctive relief must establish a relationship between the claimed injury and the conduct

7   asserted in the complaint).

8        In addition, a temporary restraining order without notice may be granted only if

9   "specific facts in an affidavit or verified complaint clearly show that immediate and

10  irreparable injury, loss, or damage will result to the movant before the adverse party can

11  be heard" and the movant certifies to the court in writing any efforts made to give notice

12  and the reasons that notice should not be required.  Fed. R. Civ. P. 65(b)(1).  A "court

13  may only issue a preliminary injunction on notice to the adverse party."  Fed. R. Civ. P.

14  65(a)(1).

15       Plaintiff has not provided notice nor does he explain why notice should not be

16  required.  Moreover, because the Court is dismissing the First Amended Complaint with

17  leave to amend, there is currently no complaint pending before the Court.  Plaintiff's

18  motion is not properly before the Court, and it will therefore be denied.

19  **VI.    Dismissal without Leave to Amend**

20       Because Plaintiff has failed to state a claim in his First Amended Complaint, the

21  Court will dismiss his First Amended Complaint.  "Leave to amend need not be given if a

22  complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express,*

23  *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is

24  particularly broad where Plaintiff has previously been permitted to amend his complaint.

25  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

26  Repeated failure to cure deficiencies is one of the factors to be considered in deciding

27  whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.

28

1    Plaintiff has made two efforts at crafting a viable complaint and appears unable to

2    do so despite specific instructions from the Court.   The Court finds that further

3    opportunities to amend would be futile.   Over the years, Plaintiff has filed five *pro se*

4    civil rights complaints under 42 U.S.C. § 1983.  *See Spencer v. Ryan, et al.*, CV 12-0874-

5    PHX-SMM (DKD); *Spencer v. Sharp, et al.*, CV 10-0249-PHX-SMM; *Spencer v. Sharp*,

6    CV 08-0401-PHX-SMM; *Spencer v. Stapler, et al.*, CV 04-1532-PHX-SMM (VAM); and

7    *Spencer v. Pinkstaff, et al.*, CV 02-0540-PHX-SMM (VAM).   Plaintiff is well aware of

8    the standard to state a claim, as he has been repeatedly informed.   Therefore, the Court, in

9    its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

10   **IT IS ORDERED:**

11       (1)    Plaintiff's Motion for Declaratory and Injunctive Relief (Doc. 25) is

12   **denied**.

13       (2)    The First Amended Complaint (Doc. 23) and this action are **dismissed** for

14   failure to state a claim, and the Clerk of Court must enter judgment accordingly.

15       (3)    The Clerk of Court must make an entry on the docket stating that the

16   dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

17       (4)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

18   § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of

19   this decision would not be taken in good faith.

20       DATED this 12th day of January, 2015.

21

22

23   _____

24                Stephen M. McNamee
             Senior United States District Judge

25

26

27

28