WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clinton Lee Spencer,<br><br>               Plaintiff,<br><br>v.<br><br>K. Clark, et al.,<br><br>              Defendants. | No.  CV 14-0032-PHX-SMM (ESW)<br><br>**O R D E R** |

On January 7, 2014, Plaintiff Clinton Lee Spencer, who is confined in the Arizona State Prison Complex-Tucson, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a September 10, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order. On September 24, 2014, Plaintiff filed his First Amended Complaint. In a January 13, 2015 Order, the Court dismissed the First Amended Complaint and this action for failure to state a claim. That same day, the Clerk of Court entered judgment and dismissed this case with prejudice. On January 20, 2015, Plaintiff filed a Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 29). The Court will deny the motion and this action shall remain closed.

. . . .

In his motion, Plaintiff asks the Court to order the Defendants to provide Plaintiff with the treatment he "need[s] to receive for his diabetes." Before seeking injunctive relief, Plaintiff must first have a complaint pending before the Court. *See Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint).

In addition, a temporary restraining order without notice may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard" and the movant certifies to the court in writing any efforts made to give notice and the reasons that notice should not be required. Fed. R. Civ. P. 65(b)(1). A "court may only issue a preliminary injunction on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Plaintiff has not provided notice, nor does he explain why notice should not be required. Moreover, because the Court has dismissed this action, there is currently no complaint pending before the Court. Accordingly, Plaintiff's motion is not properly before the Court, and it will be denied.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order (Doc. 29) is **dismissed**, and this case shall remain closed.

. . . .

. . . .

. . . .

. . . .

. . . .

(2) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 4th day of February, 2015.

_____
Stephen M. McNamee
Senior United States District Judge